UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

CHONG-WON TAI,

Petitioner,

v.

T.C. PETERSON, Warden,

Respondent.

CIVIL NO. 00-892 (RHK/JMM)

REPORT AND RECOMMENDATION

Petitioner has filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. §2241, claiming that he is being unlawfully incarcerated at the Federal Correctional Institution at Sandstone, Minnesota. The matter is before the undersigned Magistrate Judge for a Report and Recommendation to District Judge Richard H. Kyle pursuant to the provisions of 28 U.S.C. §636(b)(1)(B). Upon the following Findings of Fact/Report, it is recommended that the Petition for Writ of Habeas Corpus [Docket No. 1] be dismissed with prejudice.

## FINDINGS OF FACT/REPORT

### I. PROCEDURAL HISTORY

Petitioner was convicted of extortion in violation of 18 U.S.C. §894 in the United States District Court for the Northern District of Illinois. He was sentenced to a 204-month prison term. Petitioner appealed to the Seventh Circuit, which affirmed the conviction but remanded for a modification of Petitioner's sentence. See United States v. Tai, 994 F.2d 1204 (7th Cir. 1993); United States v. Tai, 41 F.3d 1170 (7th Cir. 1994); United States v. Tai, 66 F.3d 328 (7th Cir. 1995). Petitioner's sentence was ultimately reduced to 150 months.

NOV 16 2000
FILED
FRANCIS E. DOSAL, CLERK
JUDGMENT ENTD
DEPUTY CLERK

Petitioner then sought to have the Illinois District Court vacate his conviction or modify his sentence by filing a Motion for Collateral Review pursuant to 28 U.S.C. §2255. The court denied the Motion. Petitioner moved the Seventh Circuit for leave to file a second Motion for Collateral Review pursuant to §2255, which the Seventh Circuit denied on February 14, 2000. In the matter currently before the Court, Petitioner asserts that his Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. §2241 should be granted because new evidence proves his innocence, but the remedies available to him under §2255 have been inadequate.

## II. DISCUSSION

A motion brought in the trial court under §2255, such as the motion brought by Petitioner in Illinois, is the exclusive remedy available to a federal prisoner who is asserting a collateral challenge to his conviction or sentence. Once a prisoner has filed an unsuccessful §2255 motion, a second or successive §2255 motion must be certified, by a panel of the appropriate court of appeals, to contain new evidence or a new rule of constitutional law. 28 U.S.C. §2255. Petitioner's request to file a successive §2255 motion was denied by the Court of Appeals for the Seventh Circuit, because the new evidence Petitioner sought to raise was not sufficient "to establish by clear and convincing evidence that no reasonable factfinder would have found [Petitioner] guilty of the offense." See 28 U.S.C. §2255 ¶8.

"A writ of habeas corpus on behalf of a petitioner may issue under 28 U.S.C. §2241 only if it 'appears that the remedy by motion [under §2255] is inadequate or ineffective to test the legality of his detention.'" United States v. Lurie, 207 F.3d 1075, 1077

(8th Cir. 2000)(quoting 28 U.S.C. §2255).[1] In other words, no court has jurisdiction to hear a challenge under §2241, unless the petitioner has affirmatively demonstrated that the remedy provided by §2255 is inadequate or ineffective. DeSimone v. Lacy, 805 F.2d 321, 323 (8th Cir. 1986)(per curiam); see also Lurie, 207 F.3d at 1078 (citations omitted)(petitioner bears the burden of establishing that §2255 remedy is inadequate or ineffective).

"[T]he §2255 motion is not inadequate or ineffective merely because §2255 relief has already been denied, . . . or because petitioner has been denied permission to file a second or successive §2255 motion . . ." Lurie, 207 F.3d at 1077 (citations omitted). A procedure for postconviction relief may be inadequate when it denies a convicted defendant any opportunity for judicial rectification of a fundamental defect in his conviction. In re Davenport, 147 F.3d 605, 611 (7th Cir. 1998)(finding imprisonment for a nonexistent crime to be a fundamental defect). As the opinion in Lurie makes clear, the remedy available under §2255 does not become "inadequate or ineffective" simply because a prisoner is no longer eligible for relief under that statute.

Petitioner claims that he is innocent of the crime of which he was convicted. He asserts that the evidence proving his innocence, in the form of Affidavits, was not available at the time he filed his §2255 motion. However, all of the Affidavits which Petitioner claims exonerate him bear dates prior to January 25, 2000, the date that his request to file a successive §2255 motion was submitted to the Seventh Circuit. Petitioner

---

[1] "An application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention." 28 U.S.C. §2255.

had an opportunity to present this new evidence in connection with his request for a successive §2255 motion.[2]

Petitioner relies on the Third Circuit opinion in In re Dorsainvil, 119 F.3d 245 (3d Cir. 1997), to support his contention that he should be allowed to proceed with a petition under §2241 despite the fact that his petition appears to be procedurally barred by §2255. In Dorsainvil, the court did permit the petitioner to proceed under §2241, where an intervening United States Supreme Court case had overruled the lower courts' interpretation of the statute under which Dorsainvil was convicted. However, the court limited its holding to persons in Dorsainvil's "unusual position – that of a prisoner who had no earlier opportunity to challenge his conviction for a crime that an intervening change in substantive law may negate, . . when the government concedes that such a change should be applied retroactively . . . " Dorsainvil, 119 F.3d at 251. Cf. Rodgers v. United States, No. 00-2916 (8th Cir. October 13, 2000)(denying request to file successive §2255 petition because new rule of constitutional law established by Supreme Court that may have provided relief to petitioner was not made retroactive). The Third Circuit further emphasized that its "holding that in this circumstance §2255 is inadequate or ineffective is . . . a narrow one." Dorsainvil, 119 F.3d at 252.

The Second Circuit addressed the same situation in Triestman v. United States, 124 F.3d 361 (2d Cir. 1997). The Second Circuit agreed with the decision in Dorsainvil, holding that the remedy available under §2255 will be "inadequate or ineffective" where a person is barred, for whatever reason, from bringing a §2255 claim,

---

2 The record is not clear as to whether or not Petitioner did, in fact, submit this evidence to the Seventh Circuit.

and were "the failure to allow for collateral review would raise serious constitutional questions." Triestman, 124 F.3d at 377. The court concluded that "serious constitutional questions would arise if a person who can prove his actual innocence on the existing record – *and who could not have effectively raised his claim of innocence at an earlier time* – had no access to judicial review." Triestman, 124 F.3d at 363 (emphasis added).

The narrowly-limited decisions in Dorsainvil and Triestman do not affect the analysis of the case before the Court. Petitioner has the burden of showing that the remedies available under §2255 are inadequate or ineffective. Lurie, 207 F.3d at 1078. Petitioner has not met this burden. He has not provided an explanation as to why the "new" evidence submitted with his §2241 petition would not have been available at his trial, on appeal, on his first §2255 motion, or on his request to file a successive §2255 motion. In fact, as we have noted, the dates on the Affidavits indicate that, at the very least, Petitioner was in possession of this information before the Seventh Circuit denied his request to file another §2255 motion. Petitioner could have effectively raised his claim of actual innocence in a pleading prior to the Petition before this Court; he was not denied the opportunity to seek judicial rectification of any fundamental defect in his conviction.

**RECOMMENDATION**

For the reasons set forth above, it is recommended that the Petition for Writ of Habeas Corpus [Docket No. 1] be dismissed with prejudice.

Dated: November 15, 2000

JOHN M. MASON
United States Magistrate Judge

Pursuant to Local Rule 72.1(c)(2), any party may object to this Report and Recommendation by filing with the Clerk of Court, and by serving upon all parties on or before **November 29, 2000** a copy of this Report, written objections which specifically identify the portions of the Report to which objections are made and the bases for each objection.